# Houston v. The State

*False Pretense.*

(Decided Jan. 16, 1908.   45 South. 467.)

1. *False Pretense; Affidavit; Sufficiency.*—An affidavit for obtaining money under false pretense which alleges that defendant represented himself as the agent of certain firms or companies, is sufficient if it gives the firm or company name without setting out the individuals composing the same, under form 48, Code 1896.

2. *Criminal Law; Appeal; Question Not Raised Below.*—Where demurrers were interposed to the affidavit in the lower court and overruled, defendant cannot urge on appeal grounds for sustaining demurrer not specfically pointed out therein.

APPEAL from Jefferson Criminal Court.

Heard before Hon. S. L. WEAVER.

George B. Houston was convicted of obtaining money under false pretenses, and appeals. Affirmed.

The affidavit is in the following language: "Personally appeared before me, S. L. Weaver, associate judge

of the criminal court in and for said county, Irwin Lowery, who, being duly sworn, says that George B. Houston, whose name is to the affiant otherwise unknown, within 12 months before making this affidavit, in said county, with the intent to injure or defraud, did falsely pretend to Irwin Lowery that he was the agent of Earl Terrell & Co. and J. Blachs & Sons, merchants of Birmingham, and was authorized to sell oil for said Earl Terrell & Co., and by means of such false pretense did obtain from Irwin Lowery one $2 bill, of the paper currency of the United States, and one silver dollar, of the silver coin of the United States, the personal property of Irwin Lowery," etc. The demurrers interposed to the affidavit are as follows: "(1) Said charge in said affidavit is uncertain in this: The defendant is charged with obtaining money by false pretense by falsely representing himself to be the agent of Earl Terrell & Co. and J. Blachs & Sons, and it is not set out in said affidavit as to whether the said Earl Terrell & Co. and J. Blachs & Sons is a firm, corporation, or a copartnership, as required by law. (2) Because it is not alleged as to who was the owner of the money alleged to have been obtained by false pretense."

R. L. WILLIAMS, and J. D. STRANGE, for appellant. The charge did not contain with certainty and definiteness the names of the parties whom appellant represented himself to be the agent of.—*Morningstar v. The State,* 52 Ala. 405; *Miles v. The State,* 94 Ala. 106; *Carter v. The State,* 55 Ala. 181; *Grattan v. The State,* 71 Ala. 344; *Beasley v. The State,* 18 Ala. 535; *Anthony v. The State,* 29 Ala. 28; *Turnipseed v. The State,* 6 Ala. 666; *McGhee v. The State,* 115 Ala. 135; *Giles v. The State,* 89 Ala. 50; *Davis v. The State,* 68 Ala. 65; *Seay v. The State,* 3rd Stewart, 123; Enc. of Pldg. & Prac.,

473, et. seq.; American Digest (Century Ed.), Vol. 23, Chap. 5, Section 34.

ALEXANDER M. GARBER, Attorney General, for the State.

DOWDELL, J.—The affidavit on which the defendant was tried contained every essential averment of the offense with which he was charged. It was equally as certain and definite in averment as form 48, p. 330, of the Criminal Code of 1896 provided for indictments in such cases. The alleged fraud consisted in the false representation by the defendant that he was the agent of certain named firms or companies, and as such agent authorized to sell oil for them. It is not necessary to a good indictment that the individual names of the said firms be set out, but was sufficient, as was done in the present case, to state the name of the firm or company which he falsely pretended to be the agent of. It was nothing but a description of the false pretense as made by the defendant himself. The demurrer to the affidavit was without merit, and was properly overruled by the trial court.

Nor do we see any merit in the contention of counsel for appellant that the affidavit was defective in other respects not pointed out in the demurrer. If such were the case, the defects should have been pointed out in the demurrer, and, if they existed, might have been cured by amendment. But, as we have already said, the affidavit was in our opinion sufficient.

We find no error in the record, and the judgment will be affirmed.

TYSON, C. J., and ANDERSON, and McCLELLAN, JJ., concur.